■ JAMES GALERNEAU, an Infant, by JFHN GALERNEAU, His Guardian ad Litem, Respondent, v. NORTH COLONIE CENTRAL SCHOOL DISTRICT, Appellant.— Appeal from an order of a Special Term, Supreme Court, Albany County. The motion of the infant plaintiff to file late a claim for accidental injuries against defendant school district has been granted at Special Term on the ground that the delay in filing was due to the carelessness of the lawyer retained by the infant's father. Some of the matters discussed by the court at Special Term and some discussed by the appellant on appeal do not conclusively appear in the record before us; and some of them do not appear in the record at all. The moving affidavit for permission for late filing under section 50-e of the General Municipal Law was made by the attorney for the infant, and states without reference to any date that "as soon as your deponent heard" from the infant's father the facts of the accident, and "was retained", he "thereafter immediately served" the notice of motion. The accident is alleged to have occurred September 11, 1956; the notice of motion to file a late claim was made almost 11 months later on August 9, 1957, or 8 months beyond the 90 days in which the notice of claim is required to be filed by section 50-e. On its face the affidavit of the attorney would thus suggest that he had not been retained until just before he made the motion returnable in August, 1957; but an affidavit by an insurance company claims representative states that he was told by the plaintiff's mother on October 10, 1956 that this attorney had been retained by the boy's father; and that he thereafter talked with the lawyer about the case at least as early as October 17, 1956. Thus there is an issue as to whether it was the parent or the lawyer who allowed the time to go by; and the brief filed by the defendant-appellant suggests

that the lawyer admitted that it was his fault in his argument and brief before the Special Term. Although the memorandum of the court suggests that this was accepted by the court as a fact, no concession or admission is before us by which that can be taken conclusively for the purpose of this appeal. No brief is filed with us by the attorney for the infant nor did he make an argument here. In addition to all this, the brief filed by the appellant goes still farther beyond the record to suggest that in the argument before the Special Term the attorney for the infant excused his delay on the plea that the insurance company had been negotiating with him for the settlement of the action. Appellant argues that no such reason should be accepted on appeal. The affidavit of the insurance company claims representative, although fully detailed in other respects, is entirely silent on the subject of negotiation for settlement. The factual presentation is thus before us with some open questions and with some not clearly presented. Whether the delay was due to the lawyer's neglect, or the parent's failure to hire a lawyer in time, or whether it was due to the lawyer's expectation that the case would be settled because of the negotiations with the insurance company, we are of opinion the delay in filing a claim which belongs, not to the parent or to the lawyer, but to the infant, was properly excused at Special Term. We are unable to perceive any essential difference between the neglect of a parent which causes the loss of an infant's claim, and the neglect of a lawyer retained, not by the infant, but by the same parent whose basic neglect would have been deemed excusable. The loss of the infant's claim arises quite as much from the fact of infancy in one instance as in the other. The court has the right " in its discretion " to grant leave for late serving where the claimant is an infant. This is the literal term of the statute, and we are of opinion that the court acted within it in granting the motion. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.